IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| REPUBLIC VANGUARD INSURANCE COMPANY, An Arizona Corporation, | ) ) ) ) |
| and | ) ) |
| WESCO INSURANCE COMPANY A Delaware Corporation, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 2:22-cv-4173 |
| TURNER TRANSPORT LLC, | ) ) |
| AMY BRUCK, | ) ) |
| and | ) ) |
| NICKIE MOUNCE | ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

COME NOW Republic Vanguard Insurance Company ("Republic Vanguard") and Wesco Insurance Company ("Wesco") (hereinafter Republic Vanguard and Wesco are collectively referred to as "Plaintiffs"), by and through counsel, pursuant to 28 U.S.C. §2201, and for their Complaint for Declaratory Judgment, state as follows:

1. Plaintiff Republic Vanguard is an insurance company incorporated in the State of Arizona with its principal place of business in New York. At all relevant times hereto, Republic Vanguard was authorized to transact business in the State of Missouri.

2. Plaintiff Wesco is an insurance company incorporated in the State of Delaware with its principal place of business in New York. At all relevant times hereto, Wesco was authorized to transact business in the State of Missouri.

3. Defendant Turner Transport LLC ("Turner Transport") is a Limited Liability Company organized in the State of Missouri and authorized to conduct business in the State of Missouri. Upon information and belief, Turner Transport LLC's sole member is Robert Turner who is a Missouri citizen.

4. Defendant Amy Bruck ("Bruck") is a citizen and resident of Camden County, Missouri.

5.. Defendant Nickie Mounce ("Mounce") is a citizen and resident of Morgan County, Missouri.

## Jurisdiction and Venue

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §2201 as Plaintiffs seek a determination of their rights and obligations under certain polices of insurance that were issued to Defendant Turner Transport. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 as the amount in controversy in this matter is in excess of $75,000, exclusive of interest and costs, and there is diversity of citizenship among the parties.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) as a substantial part of the events giving rise to this action occurred in this judicial district.

## General Allegations

8. This is an action for Declaratory Judgment for the purpose of determining a controversy between the parties arising out of certain policies of insurance issued by Plaintiffs to Defendant Turner Transport.

9. On March 1, 2022, a lawsuit was filed in the Circuit Court of Camden County, Missouri by Defendant Bruck against Defendants Turner Transport and Mounce. (hereinafter the "Lawsuit").

10. A true and correct copy of the Petition from the Lawsuit is attached and the allegations are incorporated herein for informational purposes. Exhibit A, Petition in Case No. 22CM-CC00030.

11. The Lawsuit alleges that Bruck sustained damages in a November 5, 2020 motor vehicle accident in Camden County, Missouri when Mounce, while in the course and scope of his employment with Turner Transport, "carelessly and negligently operated [a] 2002 Dodge 3500" causing it "to strike [] Bruck's vehicle with sufficient force so as to cause serious physical injury." Ex. A, Petition ¶¶ 8-13.

12. Upon information and belief, the 2002 Dodge 3500 at issue in the lawsuit has VIN# 3B7MF33C72M257261 (hereinafter the "Dodge 3500").

## Insurance Policies

13. Plaintiff Republic Vanguard issued a Commercial Policy of insurance to Turner Transport, Policy No. RVA1007096-00 with effective dates from January 30, 2020 to January 30, 2021 (hereinafter "Republic Vanguard Policy"). A certified copy of the Republic Vanguard Policy is attached as Exhibit B.

3
Case 2:22-cv-04173-WJE   Document 1   Filed 11/23/22   Page 3 of 13

14. Plaintiff Wesco issued a Commercial Auto Policy of insurance to Turner Transport, Policy No. WPP1851207 00 with effective dates from January 30, 2020 to January 30, 2021 (hereinafter "Wesco Policy"). A certified copy of the Wesco Policy is attached as Exhibit C. Hereinafter the Republic Vanguard Policy and the Wesco Policy are collectively referred to as the "Policies".

### Republic Vanguard Policy

15. All coverage provided under the Republic Vanguard Policy is limited to the terms and limits of the Republic Vanguard Policy Declarations, insuring agreements, definitions, exclusions and conditions.

16. Section I of the Commercial General Liability Coverage Form of the Republic Vanguard Policy states, in part:

> SECTION I - COVERAGES
> COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
>    \*         \*         \*
>
>    b. This insurance applies to "bodily injury" and "property damage" only if:
>       (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
>    \*         \*         \*

*See* Exhibit B, p. 11

17. Section I of the Commercial General Liability Coverage Form of the Republic Vanguard Policy further states, in part:

> 2. Exclusions
> This insurance does not apply to:
>
> \*        \*        \*
>
> g. Aircraft, Auto Or Watercraft
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.
>
> \*        \*        \*

*See* Exhibit B, pp. 12, 14.

18. The Vanguard Republic Policy defines "Auto" in Section V-Definitions, as follows:

> "Auto" means:
> a. A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or
> b. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
> However, "auto" does not include "mobile equipment".

*See* Exhibit B, p. 23.

## The Wesco Policy

19. All coverage provided under the Wesco Policy is limited to the terms and limits of the Wesco Policy Declarations, insuring agreements, definitions, exclusions and conditions.

20. Section I of the Wesco Policy states, in part:

> SECTION I – COVERED AUTOS
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".
>
>     \*          \*          \*

Exhibit C, p. 36.

21. The Commercial Business Auto Coverage Declarations of the Wesco Policy lists the "Covered Auto Symbols" as "7". Exhibit C, p. 10.

22. Symbol 7 is defined in the Wesco Policy in Section I- Covered Autos:

> 7    Specifically Described "Autos"
> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).
>
>     \*          \*          \*

Exhibit C, p. 36.

23. The Dodge 3500 is not listed or described in Item Three of the Declarations of the Wesco Policy and a premium charge is not shown for the Dodge 3500.

24. Section II of the Wesco Policy states, in part:

> SECTION II – COVERED AUTOS LIABILITY COVERAGE
>     A.          COVERAGE

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> \* \* \*
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Coverage Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
>
> \* \* \*

Exhibit C, p. 37.

25. Section V of the Wesco Policy defines certain terms in the Wesco Policy and states, in part:

> SECTION V – DEFINITIONS
>
> A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".
>
> B. "Auto" means:
>   1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
>
>   2. Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.
>
>   However, "auto" does not include "mobile equipment".
>
> C. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.
>
> \* \* \*
>
> M. "Property damage" means damage to or loss of use of tangible property.

N. "Suit" means a civil proceeding in which:
1. Damages because of "bodily injury" or "property damage"; or
2. A "covered pollution cost or expense"; to which this insurance applies, are alleged. "Suit" includes:
   a. An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or
   b. Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

Exhibit C., pp. 45, 47.

26. Turner Transport made demand on Plaintiffs for defense and indemnification under the Policies for the Lawsuit.

27. Upon information and belief, Mounce has also or will also make demand on Plaintiffs for defense and indemnification under the Policies for the Lawsuit.

28. Defendant Bruck is a necessary party to this action and may have an interest in the subject matter of the dispute between Plaintiffs and Defendants Turner Transport and Mounce as Bruck is the Plaintiff in the Lawsuit for which defense and indemnity coverage is sought under the Policies.

29. Plaintiffs seek to have any Judgment in this action regarding the existence or lack of coverage for defense and indemnity under the Policies in relation to the Lawsuit bind the interest of all parties involved in the Lawsuit.

30. Plaintiffs assert that they owe no duty to defend or indemnify Defendants Turner Transport and Mounce in the Lawsuit under the Policies for the reasons specified herein. An actual controversy has arisen and exists between Plaintiffs and Defendants Turner Transport and Mounce relating to the legal rights and duties of the parties under the Policies with respect to the claims made in the Lawsuit.

## COUNT I – The Republic Vanguard Policy

31. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 30 as if set forth fully herein.

32. The Lawsuit alleges Defendant Mounce was negligent in the operation of the Dodge 3500 and Defendant Turner Transport "is liable for all acts and omissions of Nickie Mounce while he was operating within the course and scope of his employment, under the doctrine of Respondeat Superior." Exhibit A, ¶5.

33. The Lawsuit seeks damages for Bruck's personal injuries, medical treatment and expenses, physical and mental anguish, loss of enjoyment of life, and diminished work capacity sustained as a result of the accident caused by Defendant Mounce's negligent operation of the Dodge 3500.

34. Plaintiff Republic Vanguard has no duty to defend or indemnify Defendant Turner Transport for the Lawsuit under the Republic Vanguard Policy because the Lawsuit alleges that Defendant Bruck's bodily injuries were caused by an occurrence involving the use of a motor vehicle (the Dodge 3500) that was owned or operated by Turner Transport or loaned to Turner Transport.

35. Plaintiff Republic Vanguard has no duty to defend or indemnify Defendant Mounce for the Lawsuit under the Republic Vanguard Policy because the Lawsuit alleges that Defendant Bruck's bodily injuries were caused by an occurrence involving the use of a motor vehicle (the Dodge 3500) that was owned or operated by Turner Transport or loaned to Turner Transport.

WHEREFORE, Plaintiff Republic Vanguard prays for Declaratory Judgment and a finding as follows:

a. Plaintiff Republic Vanguard has no obligation to provide defendants Turner Transport and Mounce a defense in the case of *Amy Bruck v. Turner Transport, LLC and Nickie Mounce*, Case No. 22CM-CC00030, in the Circuit Court of Camden County, Missouri.

b. Plaintiff Republic Vanguard has no duty to indemnify Defendants Turner Transport and Mounce for any damages which may be awarded in the case of *Amy Bruck v. Turner Transport, LLC and Nickie Mounce*, Case No. 22CM-CC00030, in the Circuit Court of Camden County, Missouri.

c. Plaintiff Republic Vanguard has no duty to indemnify Defendants Turner Transport and Mounce for any settlement which may be agreed to or entered into in the case of *Amy Bruck v. Turner Transport, LLC and Nickie Mounce*, Case No. 22CM-CC00030, in the Circuit Court of Camden County, Missouri.

d. Declaring the rights and obligations of Plaintiff Republic Vanguard and Defendants Turner Transport and Mounce under the Republic Vanguard Policy at issue;

e. Awarding plaintiff its costs; and

f. For such other relief as the Court deems just and proper under the circumstances.

## COUNT II – The Wesco Policy

36. Plaintiffs incorporate herein by reference their allegations contained in paragraphs 1 through 30 as if set forth fully herein.

37. The Lawsuit alleges Defendant Mounce was negligent in the operation of the Dodge 3500 and Defendant Turner Transport "is liable for all acts and omissions of Nickie Mounce while he was operating within the course and scope of his employment, under the doctrine of Respondeat Superior." Exhibit A, ¶5.

38. The Lawsuit seeks damages for Bruck's personal injuries, medical treatment and expenses, physical and mental anguish, loss of enjoyment of life, and diminished work capacity sustained as a result of the accident caused by Defendant Mounce's negligent operation of the Dodge 3500.

39. Plaintiff Wesco has no duty to defend or indemnify Defendant Turner Transport for the Lawsuit under the Wesco Policy because the Lawsuit alleges that Defendant Bruck's bodily injuries were caused by an occurrence involving the use of a motor vehicle (the Dodge 3500) that is not listed or described in Item Three of the Declarations of the Wesco Policy and a premium charge is not shown for the Dodge 3500.

40. Plaintiff Wesco has no duty to defend or indemnify Defendant Mounce for the Lawsuit under the Wesco Policy because the Lawsuit alleges that Defendant Bruck's bodily injuries were caused by an occurrence involving the use of a motor vehicle (the Dodge 3500) that is not listed or described in Item Three of the Declarations of the Wesco Policy and a premium charge is not shown for the Dodge 3500.

WHEREFORE, Plaintiff Wesco prays for Declaratory Judgment and a finding as follows:

a. Plaintiff Wesco has no obligation to provide defendants Turner Transport and Mounce a defense in the case of *Amy Bruck v. Turner Transport, LLC and Nickie Mounce*, Case No. 22CM-CC00030, in the Circuit Court of Camden County, Missouri.

b. Plaintiff Wesco has no duty to indemnify Defendants Turner Transport and Mounce for any damages which may be awarded in the case of *Amy Bruck v. Turner Transport, LLC and Nickie Mounce*, Case No. 22CM-CC00030, in the Circuit Court of Camden County, Missouri.

c. Plaintiff Wesco has no duty to indemnify Defendants Turner Transport and Mounce for any settlement which may be agreed to or entered into in the case of *Amy Bruck v. Turner Transport, LLC and Nickie Mounce*, Case No. 22CM-CC00030, in the Circuit Court of Camden County, Missouri.

d. Declaring the rights and obligations of Plaintiff Wesco and Defendants Turner Transport and Mounce under the Wesco Policy at issue;

e. Awarding plaintiff its costs; and

f. For such other relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,

McANANY, VAN CLEAVE & PHILLIPS

505 N. 7th St., Suite 2100
St. Louis, Missouri 63101
314-621-1133
314-621-4405 – facsimile

By: /s/ Gregory T. Cook
  Gregory T. Cook   #57408 MO
  gcook@mvplaw.com
  ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court via the Court's electronic filing system this 23rd day of November, 2022.

                                             /s/ Gregory T. Cook