**CIRCUIT COURT OF CAMDEN COUNTY, MISSOURI**

| | |
|---|---|
| AMY BRUCK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: |
| TURNER TRANSPORT, LLC., | ) |
| | ) |
| Serve: | ) |
| Robert Turner | ) |
| 20162 Leatherman Rd., Versailles, | ) |
| Missouri 65084 | ) |
| | ) |
| AND | ) |
| | ) |
| NICKIE MOUNCE, | ) |
| | ) |
| Serve At: | ) |
| 28705 Moffitt Pt. | ) |
| Gravois Mills, MO 65037 | ) |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |

**PETITION FOR DAMAGES**

    **COMES NOW** Plaintiff, Amy Bruck, by and through the undersigned attorneys, and for her cause of action against Defendants, states and alleges as follows:

    1.    Plaintiff Amy Bruck, is a resident of Camden County, Missouri.

    2.    Defendant Turner Transport, LLC is a Missouri Limited Liability Company and authorized conduct business in the State of Missouri and can be served at the address stated above.

    3.    Defendant Nickie Mounce, at all times pertinent hereto, was an employee of Defendant Turner Transport, LLC. He is a resident of Morgan County, Missouri


EXHIBIT A

and can be served at the address stated above.

4. At all times relevant herein and at the time of the collision, Defendant Turner Transport, LLC was acting individually and through its employee Nickie Mounce.

5. Defendant Turner Transport, LLC is liable for all acts and omissions of Nickie Mounce while he was operating within the course and scope of his employment, under the doctrine of Respondeat Superior.

6. Venue is proper in this Court pursuant to §508.010 RSMo. because the tort at issue occurred in Camden County, Missouri.

7. The amount in controversy exceeds the minimal jurisdictional requirements of this Court, in that Plaintiff seeks fair and reasonable damages in excess of $25,000.00.

8. That on or about November 5, 2020 at or about 7:30 a.m. Defendant Nickie Mounce was operating a 2002 Dodge 3500 southbound on Ramp 994909 at the intersection with South Business Route 5 in Camden County, Missouri.

9. That on or about the same time and date, Plaintiff Amy Bruck was traveling in a Northerly direction on Business Route 5 near the intersection with Ramp 994909.

10. That on said date and time, Defendant Nickie Mounce was on Ramp 994909 and was attempting to South Business route 5 and was required by law to yield to traffic on Business Route 5.

11. That on said date and time Plaintiff Amy Bruck had the right-of-way on Business Route 5.

12. That on said date and time and at that location, Defendant Nickie Mounce,

carelessly and negligently operated the 2002 Dodge 3500 in that Defendant Nickie Mounce caused, allowed and permitted the 2002 Dodge 3500 to strike Plaintiff Amy Bruck's vehicle with sufficient force so as to cause serious physical injury to Plaintiff Amy Bruck.

13. At the time of the collision, Defendant Nickie Mounce was working within the course and scope of his employment with Defendant Turner Transport, LLC.

14. That on said date and time, Defendant Nickie Mounce was negligent in the operation of the 2002 Dodge Ram in at least the following respects:

   a) Defendant Nickie Mounce failed to keep a careful lookout;

   b) Defendant Nickie Mounce failed to yield the right of way thereby causing the 2002 Dodge 3500 to strike Plaintiff Amy Bruck's vehicle;

   c) Defendant Nickie Mounce knew or by using the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened his speed, sounded a warning, slackened his speed and swerved, slackened his speed and sounded a warning, or swerved and sounded a warning but negligently failed to do so thereby causing the 2002 Dodge Ram he was driving to collide with Plaintiff's vehicle;

   d) Defendant Nickie Mounce failed to exercise the highest degree of care in operating the 2002 Dodge Ram thereby causing it to strike Plaintiff's vehicle;

   e) Defendant Nickie Mounce failed to take other adequate precautions or

Electronically Filed - Camden - March 01, 2022 - 03:42 PM

measures to avoid or prevent the accident as discovery may reveal.

15. That each and every allegation set forth in paragraph 14 hereof, constitutes negligence in that they indicate Defendant Nickie Mounce's failure to use the highest degree of care in the operation of the 2002 Dodge 3500.

16. That as a direct result of this accident and as a direct result of the negligence of Defendant Nickie Mounce, Plaintiff suffered serious and severe injuries including a displaced midshaft right femur fracture, a head injury, neck injury, right knee and leg injury and suffered damages as follows:

   a. That Plaintiff suffered and sustained severe, permanent personal injuries, suffered pain and disability requiring ambulance, transport by ambulance, EMT care, hospital care, doctors, surgeons, nurses, medical care and treatment, physical therapy, IV pain medications, oral pain medications and incurred and continues to incur medical expenses.

   b. Due to the severity of injuries, Plaintiff has suffered physical and mental anguish, loss of enjoyment of life, and disfigurement.

   c. Plaintiff has incurred, and will incur in the future, medical expenses, including, without limitation, physician care, hospital care, surgical care, nursing care, medicine, physical therapy, x-rays, injections, laboratory and other testing, hospitalization and other medical care and treatment.

   d. Plaintiff has, and in the future will continue to suffer, an impaired and diminished capacity for work, labor, and recreation.

17. By reason of all the foregoing, Plaintiff has sustained actual damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Nickie Mounce and Defendant Turner Transport, LLC for fair and reasonable damages in excess of $25,000.00, plus post-judgment interest at the legal rate, together with their costs herein incurred and for such other and further relief the court deems just and proper.

Respectfully submitted,

**McDUFFEY AND MEDCALF, LLC**

BY:/s/Timothy M. McDuffey
Timothy M. McDuffey, Mo. Bar #44189
Bradley D. Medcalf, Mo. Bar #68257
Attorneys at Law
5754 Parkside Village Court
P.O. Box 368
Osage Beach, MO  65065
Phone: (573) 302-7211
Fax: (573) 302-7215
Email:  tim@mcduffeylaw.com
Email:  brad@mcduffeylaw.com